# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3552-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

B.V.,

     Defendant-Appellant.

_____

> Submitted January 28, 2019 – Decided February 13, 2019
>
> Before Judges Sabatino and Haas.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-01-0097.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).
>
> Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant B.V.[1] appeals the trial court's October 19, 2017 order denying his petition for post-conviction relief ("PCR"). For the reasons that follow, we remand for an evidentiary hearing concerning his former counsel's failure to move to dismiss the indictment before the entry of defendant's guilty plea to sexual assault.

In 2014, defendant was charged with numerous offenses stemming from his alleged sexual encounter with his thirteen-year-old sister. According to the State's allegations, defendant sexually assaulted his sister in her bedroom while their father was present in the house.

After the grand jury issued the indictment,[2] defendant's counsel negotiated a plea agreement with the State. Defendant, who had been facing a sentencing exposure of up to ten years in prison, agreed to plead guilty to second-degree sexual assault, N.J.S.A. 2C:14-2(c). In turn, the State agreed to recommend that defendant be sentenced in the reduced range of a third-degree offense and that he receive a custodial term of no more than five years with various conditions.

---

[1] We use initials to protect the identity of the victim, who is related to defendant.

[2] Defendant's appellate counsel has not furnished us with the grand jury transcript. Although it would have been helpful for us to have the transcript, we will accept for sake of discussion the representations in the parties' briefs concerning the contents of the transcript.

2

On August 28, 2015, defendant presented his guilty plea in open court. At that time, he admitted to a factual basis supporting the offense. He also acknowledged that he was then satisfied with the services of his counsel.

Before sentencing, defendant moved to withdraw his guilty plea pursuant to State v. Slater, 198 N.J. 145 (2009). On January 7, 2016, defendant appeared before the trial court. The court first denied the motion to withdraw the plea and proceeded with the sentencing. The court imposed a four-year custodial sentence, a duration within the parameters of the plea agreement, along with other conditions.

Defendant filed a direct appeal of his sentence, which was argued before this court's Excessive Sentencing Oral Argument ("ESOA") panel. Among other things, the ESOA panel considered defendant's argument that the trial court should have granted his withdrawal motion under the criteria of Slater. On October 18, 2016, the ESOA panel affirmed defendant's sentence.

Thereafter, defendant filed his PCR petition and motion for relief with the trial court. Among other things in his application, defendant asserted his former counsel had been ineffective in failing to move to dismiss the indictment before the guilty plea was presented. According to defendant, counsel's ineffectiveness

violated his rights under the Sixth Amendment and New Jersey law under the two-part standards set forth in Strickland v. Washington, 466 U.S. 668 (1984).

The trial court denied defendant's PCR application and declined to order an evidentiary hearing. As a procedural matter, the court ruled that defendant's claims as to his plea withdrawal request were barred by Rule 3:22-5 because they were already considered and rejected by the ESOA panel in October 2016. In addition, the PCR judge ruled under Rule 3:22-4 that defendant's argument that the indictment should have been dismissed due to alleged flaws in the grand jury proceedings and alleged misconduct by the prosecutor should have been raised earlier on direct appeal.

In his brief on the present appeal, defendant raises the following points:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO CHALLENGE THE INDICTMENT, AND IN INCORRECTLY AFFIRMING THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION TO WITHDRAW HIS PLEA.
(A) APPLICABLE LAW.

(B) INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO CHALLENGE THE INDICTMENT AND THE PCR COURT'S ERROR IN AFFIRMING THE TRIAL COURT'S DENIAL OF

DEFENDANT'S MOTION TO WITHDRAW HIS PLEA.

Having duly considered these arguments, albeit without the benefit of the grand jury transcript and notwithstanding the State's procedural contentions, we remand for an evidentiary hearing before the PCR court. We do so because of the following concerns.

According to defendant, during the grand jury proceedings, a juror asked the prosecutor whether there was any DNA evidence to substantiate defendant's commission of a sexual assault on his sister. In response to that query, the prosecutor allegedly told the grand jurors that defendant's DNA had been found on the sister's underpants. However, the prosecutor apparently did not inform the grand jurors that defendant's own garments may have come into contact innocuously with the victim's clothing in the laundry.[3] Furthermore, defendant alleges the prosecutor did not divulge to the grand jurors the fact that defendant's semen and DNA had not been found on the victim's bedsheets.

Accepting at face value defendant's assertions about these aspects of the grand jury proceedings, there appears to have been at least a colorable basis for

---

[3] The prosecutor asserts this is inconsequential because defendant allegedly did not live regularly in the house, and also because defendant apparently was wearing the same clothes at the time of his arrest.

A-3552-17T3

defense counsel to have considered moving to dismiss the indictment. Although we are mindful that our courts only dismiss indictments in the rarest of circumstances, the Supreme Court has also recognized that the prosecution may not "deceive the grand jury or present its evidence in a way that is tantamount to telling the grand jury a 'half-truth.'" State v. Hogan, 144 N.J. 216, 236 (1996). The prosecution may not withhold evidence that is "so clearly exculpatory as to induce a rational grand juror" to find that the State has not met its burden of presenting a prima facie case of the charged offense. Ibid.

Although the co-mingling of the siblings' laundry and the absence of defendant's semen or DNA on the bedsheets may not have been sufficiently exculpatory facts to have required their affirmative disclosure to the grand jurors, the alleged "half-truth" of the prosecutor in responding to the jurors' question could have materially misled the grand jury panel into believing there was unqualified and unassailable forensic DNA proof confirming defendant's guilt. This subject must be explored in an evidentiary hearing.

In ordering a remand for such a hearing, we by no means determine that the failure of defense counsel to move to dismiss the indictment was necessarily in violation of the Strickland standards. While a motion to dismiss might have been successful, defendant was not necessarily prejudiced by his counsel's

6

forbearance. There may well have been strategic reasons to justify counsel's approach, including, for example, the possibility that the State may have pulled its advantageous plea offer if a withdrawal motion had been filed and failed. Moreover, the State might have attempted to re-indict defendant before a new grand jury, this time with the complete DNA-related proofs. Accordingly, we defer such assessments to the trial court on remand, with the benefit of a fuller record, including the testimony of defendant's former counsel if feasible.

Remanded for an evidentiary hearing. Defendant's conviction and sentence remain in force pending the outcome of the remand. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3552-17T3